UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 15-49 (MJD/FLN)

| | |
|---|---|
| UNITED STATES OF AMERICA,          )<br>                                                            )<br>                            Plaintiff,       )<br>                                                            )<br>            v.                                            )<br>                                                            )<br>1.  HAMZA NAJ AHMED,                  )<br>2.  MOHAMED ABDIHAMID FARAH,  )<br>3.  ADNAN ABDIHAMID FARAH,       )<br>4.  ABDURAHMAN YASIN DAUD,      )<br>5.  ZACHARIA YUSUF ABDURAHMAN, )<br>6.  HANAD MUSTOFE MUSSE, and      )<br>7.  GULED ALI OMAR,                          )<br><br>                            Defendants. | **SUPERSEDING INDICTMENT**<br><br>(18 U.S.C. § 2)<br>(18 U.S.C. § 1001)<br>(18 U.S.C. § 2339B(a)(1))<br>(20 U.S.C. § 1097(a)) |

THE UNITED STATES GRAND JURY CHARGES THAT:

1.  At all times material to this Indictment:

    a.  On October 15, 2004, the United States Secretary of State designated al-Qa'ida in Iraq ("AQI"), then known as Jam'at al Tawhid wa'al-Jihad, as a Foreign Terrorist Organization ("FTO") under Section 219 of the Immigration and Nationality Act and as a Specially Designated Global Terrorist entity under section 1(b) of Executive Order 13224.

    b.  On May 15, 2014, the Secretary of State amended the designation of al-Qa'ida in Iraq ("AQI") as a Foreign Terrorist Organization ("FTO") under Section 219 of the Immigration and Nationality Act and as a Specially Designated Global Terrorist entity under section 1(b) of Executive Order 13224 to add the alias Islamic State of Iraq and the Levant ("ISIL") as its primary name. The Secretary also added the following aliases to the



SCANNED
MAY 18 2015
U.S. DISTRICT COURT MPLS

ISIL listing: the Islamic State of Iraq and al-Sham ("ISIS"), the Islamic State of Iraq and Syria ("ISIS"), ad-Dawla al-Islamiyya fi al-'Iraq wa-sh-Sham, Daesh, Dawla al Islamiya, and Al-Furqan Establishment for Media Production. Although the group has never called itself "Al-Qaeda in Iraq (AQI)," this name has frequently been used to describe it through its history. To date, ISIL remains a designated FTO.

**COUNT 1**
(Conspiracy to Provide Material Support to
a Designated Foreign Terrorist Organization)

Beginning on or before March 1, 2014, and continuing through the present, within the State and District of Minnesota, and elsewhere, the defendants,

**HAMZA NAJ AHMED,
MOHAMED ABDIHAMID FARAH,
ADNAN ABDIHAMID FARAH,
ABDURAHMAN YASIN DAUD,
ZACHARIA YUSUF ABDURAHMAN,
HANAD MUSTOFE MUSSE, and
GULED ALI OMAR**

did unlawfully and knowingly conspire and agree with others, known and unknown to the grand jury, to provide material support and resources, including personnel, as that term is defined in Title 18, United States Code, Section 2339A(b)(1), to a foreign terrorist organization, namely, Islamic State in Iraq and the Levant, which the Secretary of State has designated as a foreign terrorist organization since on or about May 15, 2014, knowing that the organization was a designated foreign terrorist organization (as defined in Title 18, United States Code, Section 2339B(g)(6)), and knowing that the organization had engaged and was engaging in terrorist activity and terrorism; all in violation of Title 18, United States Code, Section 2339B(a)(1).

## COUNT 2
(Attempting to Provide Material Support to
a Designated Foreign Terrorist Organization)

On or about May 24, 2014, within the State and District of Minnesota, and elsewhere, the defendant,

## GULED ALI OMAR,

while aiding and abetting others known and unknown, and being aided and abetted by others known and unknown, did knowingly attempt to provide material support and resources, including personnel, to a foreign terrorist organization, namely, Islamic State in Iraq and the Levant, which the Secretary of State has designated as a foreign terrorist organization since on or about May 15, 2014, knowing that the organization was a designated foreign terrorist organization (as defined in Title 18, United States Code, Section 2339B(g)(6)), and that the organization had engaged and was engaging in terrorist activity and terrorism, all in violation of Title 18, United States Code, Section 2339B(a)(1).

## COUNT 3
(Attempting to Provide Material Support to
a Designated Foreign Terrorist Organization)

On or about November 6, 2014, within the State and District of Minnesota, and elsewhere, the defendants,

## HAMZA NAJ AHMED,
## MOHAMED ABDIHAMID FARAH,
## ZACHARIA YUSUF ABDURAHMAN, and
## HANAD MUSTOFE MUSSE,

while aiding and abetting each other and others known and unknown, and being aided and abetted by each other and others known and unknown, did knowingly attempt to provide

material support and resources, including personnel, to a foreign terrorist organization, namely, Islamic State in Iraq and the Levant, which the Secretary of State has designated as a foreign terrorist organization since on or about May 15, 2014, knowing that the organization was a designated foreign terrorist organization (as defined in Title 18, United States Code, Section 2339B(g)(6)), and that the organization had engaged and was engaging in terrorist activity and terrorism, all in violation of Title 18, United States Code, Section 2339B(a)(1) and Section 2.

## COUNT 4
(Attempting to Provide Material Support to
a Designated Foreign Terrorist Organization)

On or about April 17, 2015, within the State and District of Minnesota, and elsewhere, the defendants,

**MOHAMED ABDIHAMID FARAH, and
ABDURAHMAN YASIN DAUD,**

while aiding and abetting each other and others known and unknown, and being aided and abetted by each other and others known and unknown, did knowingly attempt to provide material support and resources, including personnel, to a foreign terrorist organization, namely, Islamic State in Iraq and the Levant, which the Secretary of State has designated as a foreign terrorist organization since on or about May 15, 2014, knowing that the organization was a designated foreign terrorist organization (as defined in Title 18, United States Code, Section 2339B(g)(6)), and that the organization had engaged and was engaging in terrorist activity and terrorism, all in violation of Title 18, United States Code, Section 2339B(a)(1) and Section 2.

4

## COUNT 5
(False Statement)

On or about November 8, 2014, within the State and District of Minnesota, and elsewhere, in a matter within the jurisdiction of the Federal Bureau of Investigation ("FBI"), an agency of the United States, and in an offense involving international terrorism, the defendant,

**HAMZA NAJ AHMED,**

did knowingly and willfully make a false, fraudulent, and fictitious material statement and representation to agents of the FBI, in violation of Title 18, United States Code, Section 1001(a)(2), that is, the defendant stated (1) that he did not know an individual named MOHAMED FARAH, (2) that he was traveling alone, and (3) he was traveling from Minneapolis to Madrid, Spain, for vacation, when in fact, the defendant did know MOHAMED ABIDHAMID FARAH and was then traveling with MOHAMED ABDIHAMID FARAH, ZACHARIA YUSUF ABDURAHMAN, and HANAD MUSTOFE MUSSE to Syria, all in violation of Title 18, United States Code, Section 1001.

## COUNT 6
(False Statement)

On or about January 21, 2015, within the State and District of Minnesota, and elsewhere, in a matter within the jurisdiction of the Federal Bureau of Investigation ("FBI"), an agency of the United States, and in an offense involving international terrorism, the defendant,

**MOHAMED ABDIHAMID FARAH,**

did knowingly and willfully make a false, fraudulent, and fictitious material statement and

5

representation to agents of the FBI, in violation of Title 18, United States Code, Section 1001(a)(2), that is, the defendant stated (1) that he was vacationing alone, and (2) that he was traveling from Minneapolis to Bulgaria and Greece for vacation, when in fact, the defendant was then traveling with HAMZA NAJ AHMED, ZACHARIA YUSUF ABDURAHMAN, and HANAD MUSTOFE MUSSE to Syria, all in violation of Title 18, United States Code, Section 1001.

## COUNT 7
(Financial Aid Fraud)

On or about November 8, 2014, within the State and District of Minnesota, and elsewhere, the defendant,

**HAMZA NAJ AHMED,**

did knowingly and willfully misapply, obtain by fraud, false statement, and forgery, and fail to refund $1,048 in funds, assets, and property provided and insured under subchapter IV of Chapter 28 of United States Code Title 20 and part C of subchapter I of chapter 34 of United States Code Title 42, in that HAMZA NAJ AHMED used $1,048 of federal financial aid to purchase a plane ticket to travel to Turkey, in violation of Title 20, United States Code, Section 1097(a).

## COUNT 8
(Financial Aid Fraud)

On or about November 8, 2014, within the State and District of Minnesota, and elsewhere, the defendant,

**HANAD MUSTOFE MUSSE,**

did knowingly and willfully misapply, obtain by fraud, false statement, or forgery, and fail

6

to refund $1,269 in funds, assets, and property provided and insured under subchapter IV of Chapter 28 of United States Code Title 20 and part C of subchapter I of chapter 34 of United States Code Title 42, in that HANAD MUSTOFE MUSSE used over $1,269 of federal financial aid to purchase a plane ticket to travel to Greece, in violation of Title 20, United States Code, Section 1097(a).

A TRUE BILL

_____     _____
UNITED STATES ATTORNEY           FOREPERSON