UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 15-49 (MJD/FLN)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **SECOND SUPERSEDING** |
| Plaintiff, | ) | **INDICTMENT** |
| | ) | |
| v. | ) | (18 U.S.C. § 2) |
| | ) | (18 U.S.C. § 956) |
| 1.  HAMZA NAJ AHMED, | ) | (18 U.S.C. § 1001) |
| 2.  MOHAMED ABDIHAMID FARAH, | ) | (18 U.S.C. § 1621) |
| 3.  ADNAN ABDIHAMID FARAH, | ) | (18 U.S.C. § 2339B(a)(1)) |
| 4.  ABDURAHMAN YASIN DAUD, and | ) | (20 U.S.C. § 1097(a)) |
| 7.  GULED ALI OMAR, | ) | |
| | ) | |
| Defendants. | ) | |

THE UNITED STATES GRAND JURY CHARGES THAT:

1.     At all times material to this Second Superseding Indictment:

a.     On October 15, 2004, the United States Secretary of State designated al-Qa'ida in Iraq ("AQI"), then known as Jam'at al Tawhid wa'al-Jihad, as a Foreign Terrorist Organization ("FTO") under Section 219 of the Immigration and Nationality Act and as a Specially Designated Global Terrorist entity under section 1(b) of Executive Order 13224.

b.     On May 15, 2014, the Secretary of State amended the designation of al-Qa'ida in Iraq ("AQI") as a Foreign Terrorist Organization ("FTO") under Section 219 of the Immigration and Nationality Act and as a Specially Designated Global Terrorist entity under section 1(b) of Executive Order 13224 to add the alias Islamic State of Iraq and the Levant ("ISIL") as its primary name. The Secretary also added the following



SCANNED
OCT 2 1 2015
U.S. DISTRICT COURT MPLS

aliases to the ISIL listing: the Islamic State of Iraq and al-Sham ("ISIS"), the Islamic State of Iraq and Syria ("ISIS"), ad-Dawla al-Islamiyya fi al-'Iraq wa-sh-Sham, Daesh, Dawla al Islamiya, and Al-Furqan Establishment for Media Production. Although the group has never called itself "Al-Qaeda in Iraq (AQI)," this name has frequently been used to describe it through its history. To date, ISIL remains a designated FTO.

## COUNT 1
(Conspiracy to Murder Outside the United States)

2.      The grand jury realleges paragraph one of this Second Superseding Indictment and incorporates it by reference as though it was set forth in full at this point.

3.      Beginning on or before on or about March 1, 2014, and continuing through on or about April 19, 2015, in the State and District of Minnesota and elsewhere, the defendants,

**HAMZA NAJ AHMED,
MOHAMED ABDIHAMID FARAH,
ADNAN ABDIHAMID FARAH,
ABDURAHMAN YASIN DAUD, and
GULED ALI OMAR,**

willfully conspired, combined, confederated, and agreed with each other, and with others known and unknown to the grand jury, to murder a person or persons outside the United States, and at least one member of the conspiracy committed at least one act within the United States in furtherance of the conspiracy and to effect the object thereof, such acts including, but not being limited to:

2

US v. Hamza Naj Ahmed, et al.                          Criminal No. 15-49 (MJD/FLN)

     a.     During a time between in or about March of 2014 and on or about May 29, 2014, co-conspirators Abdullahi Yusuf and Abdi Nur (both of whom were later charged in pleadings other than this Second Superseding Indictment), and defendants ABDURAHMAN YASIN DAUD, GULED ALI OMAR, MOHAMED ABDIHAMID FARAH and ADNAN ABDIHAMID FARAH, and others known and unknown to the grand jury met and discussed ways in which to travel to Syria to join, and fight with, ISIL.

**Defendants And Co-Conspirators Apply For Travel Documents**

     b.     On or about April 24, 2014, defendant ADNAN ABDIHAMID FARAH applied for a United States Passport.

     c.     On or about April 24, 2014, defendant MOHAMED ABDIHAMID FARAH accompanied co-conspirator Abdullahi Yusuf to the United States Department of State's Passport Office in downtown Minneapolis, Minnesota, where Abdullahi Yusuf unsuccessfully applied for a United States passport.

     d.     On or about April 25, 2014, defendant GULED ALI OMAR took co-conspirator Abdullahi Yusuf to a passport office in Bloomington, Minnesota so that co-conspirator Abdullahi Yusuf could apply for a United States passport. However, they found the passport office was closed.

     e.     On or about April 28, 2014, co-conspirator Abdullahi Yusuf successfully applied for a United States passport at the United States Department of State's Passport Office in downtown Minneapolis, Minnesota.

<u>US v. Hamza Naj Ahmed, et al.</u>                                      <u>Criminal No. 15-49 (MJD/FLN)</u>

### Departures And Attempted Departures In The First Half Of 2014.

f.      Between on or about May 24, 2014, and on or about May 28, 2014, just ahead of co-conspirator Abdullahi Yusuf's contemplated departure, defendant ABDURAHMAN YASIN DAUD and co-conspirator Abdi Nur provided co-conspirator Abdullahi Yusuf with an email account and two telephone numbers to use inside Turkey to contact members of ISIL.

g.      On or about May 24, 2014, an unindicted co-conspirator rented a Toyota Camry automobile.

h.      On or about May 28, 2014, co-conspirator Abdi Nur drove co-conspirator Abdullahi Yusuf to a Blue Line light rail station.

i.      On or about May 28, 2014, co-conspirator Abdullahi Yusuf attempted to fly from Minneapolis – Saint Paul, Minnesota to Moscow, Russia, with a final destination of Syria, with the purpose of joining, and fighting with, ISIL.

j.      On or about May 29, 2014, co-conspirator Abdi Nur flew from Minneapolis – Saint Paul, Minnesota to Istanbul, Turkey, with a final destination of Syria, with the purpose of joining, and fighting with, ISIL.

k.      At a time within the dates charged in this Second Superseding Indictment, but not precisely known to the grand jury, defendant ABDURAHMAN YASIN DAUD downloaded a particular app to his telephone which defendant ABDURAHMAN YASIN DAUD believed could not be surveilled by federal law

4

enforcement, in order to communicate securely with his co-conspirators about the conspiracy.

### Continued Preparations For Travel To Syria To Join, And Fight With, ISIL

l.      On or about August 29, 2014, defendants GULED ALI OMAR, ABDURHAHMAN YASIN DAUD, MOHAMED ABDIHAMID FARAH, ADNAN ABDIHAMID FARAH, and co-conspirators Abdullahi Yusuf, Hanad Mustofe Musse, and Zacharia Yusuf Abdurahman participated in a session of paintball intended to serve as training in preparation for combat.

m.     On or about October 16, 2014, defendants ABDURAHMAN YASIN DAUD and ADNAN ABDIHAMID FARAH communicated via social media with "Antar," a self-described member of ISIL located in Syria, who provided information to members of the conspirary about how best to travel to Syria in order to join, and fight with, ISIL.

n.      On or about October 20, 2014, defendants GULED ALI OMAR, ABDURAHMAN YASIN DAUD, ADNAN ABDIHAMID FARAH, and MOHAMED ABDIHAMID FARAH, and co-conspirators Abdullahi Yusuf, Hanad Mustofe Musse, and Zachariah Yusuf Abdurahman (all charged in pleadings separate from this Second Superseding Indictment), and others known and unknown to the grand jury, met to discuss routes, methods, and the timing of leaving the United States to join ISIL.

### Opening Bank Accounts, And Depositing Funds Into Those Accounts

o.      On or about October 20, 2014, co-conspirator Zacharia Yusuf Abdurahman opened a bank account, into which he deposited, between on or about October 20, 2014, and on or about November 6, 2014, more than $1,800.

p.      On or about November 3, 2014, co-conspirator Hanad Mustofe Musse opened a bank account into which he deposited, between on or about November 3, 2014, and on or about November 6, 2014, more than $1,500.

q.      On or about November 6, 2014, defendant MOHAMED ABDIHAMID FARAH opened a bank account, into which he deposited, also on or about November 6, 2014, more than $1,100.

r.      On or about November 6, 2014, defendant HAMZA NAJ AHMED opened a bank account, into which he deposited, also on or about November 6, 2014, more than $1,500.

### Attempted Travel To Syria From John F. Kennedy International Airport, New York, New York

s.      On or about November 6, 2014, defendant MOHAMED ABDIHAMID FARAH purchased a bus ticket to travel from Minneapolis, Minnesota, to New York, New York.

t.      On or about November 6, 2014, defendant HAMZA NAJ AHMED purchased a bus ticket to travel from Minneapolis, Minnesota to New York, New York.

u.      On or about November 6, 2014, co-conspirator Zacharia Yusuf Abdurahman purchased a bus ticket to travel from Minneapolis, Minnesota to New York, New York.

v.      On or about November 6, 2014, co-conspirator Hanad Mustofe Musse purchased a bus ticket to travel from Minneapolis, Minnesota to New York, New York.

w.      On or about November 8, 2014, co-conspirator Hanad Mustofe Musse lied to agents of the Federal Bureau of Investigation about the purpose of his and his co-conspirators' planned overseas travel in early November of 2014.

x.      On or about November 14, 2014, co-conspirator Zacharia Yusuf Abdurahman lied to agents of the Federal Bureau of Investigation about the purpose of his and his co-conspirators' planned overseas travel in early November of 2014.

**Planning To Reach Syria Via Mexico**

y.      On or about March 30, 2015, defendant ADNAN ABDIHAMID FARAH gave a photograph to an FBI Confidential Human Source ("CHS"), intending to create a false passport for defendant ADNAN ABDIHAMID FARAH.

z.      On or about March 30, 2015, defendant ABDURAHMAN YASIN DAUD gave photographs of himself, MOHAMED ABDIHAMID FARAH, and ADNAN ABDIHAMID FARAH to an FBI CHS, intending them to be used to create false passports for defendants ABDURAHMAN YASIN DAUD, MOHAMED ABDIHAMID FARAH, and ADNAN ABDIHAMID FARAH.

aa.     On or about April 3, 2015, defendant ABDURAHMAN YASIN DAUD gave one hundred dollars to an FBI CHS as a down payment to create a false passport for defendant ABDURAHMAN YASIN DAUD.

bb.     On or about April 3, 2015, defendant ADNAN ABDIHAMID FARAH gave one hundred dollars to an FBI CHS as a down payment to create a false passport for defendant ADNAN ABDIHAMID FARAH.

cc.     On or about April 9, 2015, co-conspirator Zacharia Yusuf Abdurahman gave one hundred dollars to an FBI CHS on behalf of defendant MOHAMED ABDIHAMID FARAH, as a down payment to create a false passport for defendant MOHAMED ABDIHAMID FARAH.

dd.     On or about April 17, 2015, defendant ABDURAHMAN YASIN DAUD communicated with a member of ISIL inside Syria who provided defendant ABDURAHMAN YASIN DAUD advice on how best to travel within Turkey so as to be able to reach the Turkey-Syria border without interference from Turkish law enforcement.

ee.     On or about April 19, 2015, in San Diego, California, defendant ABDURAHMAN YASIN DAUD took possession, from an undercover employee of the FBI, of a false passport containing defendant ABDURAHMAN YASIN DAUD's photograph, but in the name of another person.

ff.     On or about April 19, 2015, in San Diego, California, defendant MOHAMED ABDIHAMID FARAH took possession, from an undercover employee of

8

the FBI, of a false passport containing defendant MOHAMED ABDIHAMID FARAH's

photograph, but in the name of another person.

All in violation of Title 18, United States Code, Section 956(a) and Section 2.

## COUNT 2
(Conspiracy to Provide Material Support to
a Designated Foreign Terrorist Organization)

4.    The grand jury realleges paragraph one of this Second Superseding

Indictment and incorporates it by reference as though it was set forth in full at this point.

5.    Beginning on or before on or about March 1, 2014, and continuing through

on or about April 19, 2015, within the State and District of Minnesota, and elsewhere, the

defendants,

**HAMZA NAJ AHMED,**
**MOHAMED ABDIHAMID FARAH,**
**ADNAN ABDIHAMID FARAH,**
**ABDURAHMAN YASIN DAUD, and**
**GULED ALI OMAR,**

together, and with others known and unknown to the grand jury, knowingly did combine,

conspire, confederate, and agree together and with each other to provide "material support

or resources," as that term is defined in Title 18, United States Code, Section 2339A(b),

including personnel, to a foreign terrorist organization, namely, the Islamic State of Iraq

and the Levant ("ISIL"), which at all relevant times was designated by the Secretary of

State as a foreign terrorist organization pursuant to Section 219 of the Immigration and

Nationality Act, knowing that ISIL was a designated foreign terrorist organization (as

defined in Title 18, United States Code, Section 2339B(g)(6)), that ISIL engages and has

engaged in terrorist activity (as defined in section 212(a)(3)(B) of the INA), and that ISIL

engages and has engaged in terrorism (as defined in section 140(d)(2) of the Foreign

Relations Authorization Act, Fiscal Years 1988 and 1989).

All in violation of Title 18, United States Code, Section 2339B(a)(1).

## COUNT 3
### (Attempting to Provide Material Support to
### a Designated Foreign Terrorist Organization)

6.     The grand jury realleges paragraph one of this Second Superseding

Indictment and incorporates it by reference as though it was set forth in full at this point.

7.     On or about May 24, 2014, within the State and District of Minnesota, and

elsewhere, the defendant,

## GULED ALI OMAR,

while aiding and abetting others known and unknown, and being aided and abetted by

others known and unknown, did knowingly attempt to provide "material support and

resources," as that term is defined in Title 18, United States Code, Section 2339A(b),

including personnel, to a foreign terrorist organization, namely, the Islamic State of Iraq

and the Levant ("ISIL"), which at all relevant times was designated by the Secretary of

State as a foreign terrorist organization pursuant to Section 219 of the Immigration and

Nationality Act, knowing that ISIL was a designated foreign terrorist organization (as

defined in Title 18, United States Code, Section 2339B(g)(6)), that ISIL engages and has

engaged in terrorist activity (as defined in section 212(a)(3)(B) of the INA), and that ISIL engages and has engaged in terrorism (as defined in section 140(d)(2) of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989).

All in violation of Title 18, United States Code, Section 2339B(a)(1) and Section 2.

## COUNT 4
(Attempting to Provide Material Support to
a Designated Foreign Terrorist Organization)

8.      The grand jury realleges paragraph one of this Second Superseding Indictment and incorporates it by reference as though it was set forth in full at this point.

9.      On or about November 6, 2014, within the State and District of Minnesota, and elsewhere, the defendant,

**GULED ALI OMAR,**

while aiding and abetting others known and unknown, and being aided and abetted by others known and unknown, did knowingly attempt to provide "material support and resources," as that term is defined in Title 18, United States Code, Section 2339A(b), including personnel, to a foreign terrorist organization, namely, the Islamic State of Iraq and the Levant ("ISIL"), which at all relevant times was designated by the Secretary of State as a foreign terrorist organization pursuant to Section 219 of the Immigration and Nationality Act, knowing that ISIL was a designated foreign terrorist organization (as defined in Title 18, United States Code, Section 2339B(g)(6)), that ISIL engages and has engaged in terrorist activity (as defined in section 212(a)(3)(B) of the INA), and that ISIL

US v. Hamza Naj Ahmed, et al.                    Criminal No. 15-49 (MJD/FLN)

engages and has engaged in terrorism (as defined in section 140(d)(2) of the Foreign

Relations Authorization Act, Fiscal Years 1988 and 1989).

All in violation of Title 18, United States Code, Section 2339B(a)(1) and Section 2.

## COUNT 5
### (Attempting to Provide Material Support to
### a Designated Foreign Terrorist Organization)

10.    The grand jury realleges paragraph one of this Second Superseding

Indictment and incorporates it by reference as though it was set forth in full at this point.

11.    On or about November 6, 2014, within the State and District of Minnesota,

and elsewhere, the defendants,

### HAMZA NAJ AHMED, and
### MOHAMED ABDIHAMID FARAH,

while aiding and abetting each other and others known and unknown, and being aided and

abetted by each other and others known and unknown, did knowingly attempt to provide

"material support and resources," as that term is defined in Title 18, United States Code,

Section 2339A(b), including personnel, to a foreign terrorist organization, namely, the

Islamic State of Iraq and the Levant ("ISIL"), which at all relevant times was designated by

the Secretary of State as a foreign terrorist organization pursuant to Section 219 of the

Immigration and Nationality Act, knowing that ISIL was a designated foreign terrorist

organization (as defined in Title 18, United States Code, Section 2339B(g)(6)), that ISIL

engages and has engaged in terrorist activity (as defined in section 212(a)(3)(B) of the

INA), and that ISIL engages and has engaged in terrorism (as defined in section 140(d)(2)

of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989).

All in violation of Title 18, United States Code, Section 2339B(a)(1) and Section 2.

## COUNT 6
### (Attempting to Provide Material Support to
### a Designated Foreign Terrorist Organization)

12.    The grand jury realleges paragraph one of this second superseding

indictment and incorporates it by reference as though it was set forth in full at this point.

13.    On or about April 17, 2015, within the State and District of Minnesota, and

elsewhere, the defendants,

### MOHAMED ABDIHAMID FARAH, and
### ABDURAHMAN YASIN DAUD,

while aiding and abetting each other and others known and unknown, and being aided and

abetted by each other and others known and unknown, did knowingly attempt to provide

"material support and resources," as that term is defined in Title 18, United States Code,

Section 2339A(b), including personnel, to a foreign terrorist organization, namely, the

Islamic State of Iraq and the Levant ("ISIL"), which at all relevant times was designated by

the Secretary of State as a foreign terrorist organization pursuant to Section 219 of the

Immigration and Nationality Act, knowing that ISIL was a designated foreign terrorist

organization (as defined in Title 18, United States Code, Section 2339B(g)(6)), that ISIL

engages and has engaged in terrorist activity (as defined in section 212(a)(3)(B) of the

INA), and that ISIL engages and has engaged in terrorism (as defined in section 140(d)(2) of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989).

All in violation of Title 18, United States Code, Section 2339B(a)(1) and Section 2.

## COUNT 7
### (Perjury)

14.    The grand jury realleges paragraph one of this Second Superseding Indictment and incorporates it by reference as though it was set forth in full at this point.

15.    On or about June 18, 2014, the defendant,

**ADNAN ABDIHAMID FARAH,**

having taken an oath administered by the foreperson of the grand jury to testify truthfully when called as a witness in the grand jury's investigation into allegations of the provision of material support to ISIL, did knowingly, willfully, and contrary to his oath, give false testimony about a material fact, when the defendant, in response to the question "[h]ad you talked with anybody else, not Abdi, but anybody else about traveling to Syria?" replied "No," when in fact, as the defendant then and there well knew, the defendant had, on multiple occasions in April, May, and June of 2014, spoken to one or more co-conspirators other than Abdi Nur about traveling to Syria.

All in violation of Title 18, United States Code, Section 1621.

<u>US v. Hamza Naj Ahmed, et al.</u>                                    <u>Criminal No. 15-49 (MJD/FLN)</u>

## COUNT 8
### (Perjury)

18. The grand jury realleges paragraph one of this Second Superseding Indictment
and incorporates it by reference as though it was set forth in full at this point.

19.    On or about January 22, 2015, the defendant,

### ADNAN ABDIHAMID FARAH,

having taken an oath administered by the foreperson of the grand jury to testify truthfully
when called as a witness in the grand jury's investigation into allegations of the provision
of material support to ISIL, did knowingly, willfully, and contrary to his oath, give false
testimony about a material fact, when the defendant, being questioned about the travel of
his brother, defendant MOHAMED ABDIHAMID FARAH, and co-conspirators Zacharia
Abdurahman and Hanad Musse, to John F. Kennedy International Airport in Queens, New
York on or about November 8, 2014, engaged in the following exchange with the
prosecuting attorney:

Q:    And you knew nothing about it beforehand, correct?

A:    Correct.

Q:    You've seen these people since?

A:    Correct.

Q:    And the only people you've talked to about this was your brother and
you've already recounted that statement which was very brief, is that
accurate?

A:    Correct.

15

Q:      No other information to offer this Grand Jury about what was in Hanad Musse's head or Zacharia Abdurahman's head when they took a Greyhound bus to JFK to fly overseas?

A:      If I had spoken to them about it I would address it to the Grand Jury but I tend to keep to myself, I'm not a person who goes into other people's business.

Q:      So you have no information to share, is that accurate?

A:      Yeah, accurate."

These answers were false, because in fact, as the defendant then and there well knew, the defendant had, on multiple occasions both before and after November 8, 2014, had conversations with defendant MOHAMED FARAH and co-conspirators Zacharia Yusuf Abdurahman and Hanad Mustofe Musse about the purpose of their trip from New York on or about November 8, 2014 being to travel to Syria to join, and fight with, ISIL.

All in violation of Title 18, United States Code, Section 1621.

## COUNT 9
(Perjury)

20.      The grand jury realleges paragraph one of this Second Superseding Indictment and incorporates it by reference as though it was set forth in full at this point.

21.      On or about September 22, 2014, in the State and District of Minnesota, the defendant,

**MOHAMED ABDIHAMID FARAH,**

having taken an oath administered by the foreperson of the grand jury to testify truthfully when called as a witness in the grand jury's investigation into allegations of the provision

of material support to ISIL, did knowingly, willfully, and contrary to his oath give false testimony about a material fact when the defendant, in response to the question "[w]hat was the nature of your last communication with Abdi Nur?" responded "[y]ou want to hang out and go play ball?" and upon next being asked the question "[a]fter that time in early May you haven't seen him or talked to him since?" replied "no" when in fact, as the defendant then and there well knew, this answer was false, in that, at various times throughout May of 2014, the defendant did speak with co-conspirator Abdi Nur about his plan to travel to Syria to join, and fight with, ISIL.

All in violation of Title 18, United States Code, Section 1621.

## COUNT 10
### (Perjury)

22.     The grand jury realleges paragraph one of this Second Superseding Indictment and incorporates it by reference as though it was set forth in full at this point.

23.     On or about January 22, 2015, in the State and District of Minnesota, the defendant,

### ABDURAHMAN YASIN DAUD,

having taken an oath administered by the foreperson of the grand jury to testify truthfully when called as a witness in the grand jury's investigation into allegations of the provision of material support to ISIL, did knowingly, willfully, and contrary to his oath give false testimony about a material fact, when the defendant, upon being asked the question "Do you know anyone who's still in town but wants to go or has talked about going?"

responded "[t]hat's – nobody does that, sir" when in fact, as the defendant then and there well knew, this answer was false, in that, throughout 2014, the defendant had multiple conversations with one or more co-conspirators in the District of Minnesota who were still present "in town" (the Twin Cities) at the time of defendant ABDURAHMAN YASIN DAUD's grand jury testimony and in those conversations defendant ABDURAHMAN YASIN DAUD and one or more co-conspirators discussed and planned travel to Syria to join, and fight with, ISIL.

All in violation of Title 18, United States Code, Section 1621.

## COUNT 11
(False Statement)

24.    The grand jury realleges paragraph one of this Second Superseding Indictment and incorporates it by reference as though it was set forth in full at this point.

25.    On or about November 8, 2014, within the State and District of Minnesota and elsewhere, in a matter within the jurisdiction of the Federal Bureau of Investigation ("FBI"), an agency of the United States, and in an offense involving international terrorism, the defendant,

**HAMZA NAJ AHMED,**

did knowingly and willfully make a false, fraudulent, and fictitious material statement and representation to agents of the FBI, in violation of Title 18, United States Code, Section 1001(a)(2), that is, the defendant stated (1) that he did not know an individual named MOHAMED FARAH, (2) that he was traveling alone, and (3) that he was traveling from

18

Minneapolis to Madrid, Spain, for vacation, when in fact, defendant HAMZA NAJ

AHMED did know MOHAMED ABIDHAMID FARAH and had attempted to travel with

defendant MOHAMED ABDIHAMID FARAH and co-conspirators Zacharia Yusuf

Abdurahman and Hanad Mustofe Musse to Syria to join, and fight with, ISIL.

All in violation of Title 18, United States Code, Section 1001.

## COUNT 12
### (False Statement)

26.    The grand jury realleges paragraph one of this Second Superseding

Indictment and incorporates it by reference as though it was set forth in full at this point.

27.    On or about January 21, 2015, within the State and District of Minnesota, and

elsewhere, in a matter within the jurisdiction of the Federal Bureau of Investigation

("FBI"), an agency of the United States, and in an offense involving international

terrorism, the defendant,

**MOHAMED ABDIHAMID FARAH,**

did knowingly and willfully make a false, fraudulent, and fictitious material statement and

representation to agents of the FBI, in violation of Title 18, United States Code, Section

1001(a)(2), that is, the defendant stated (1) that in November of 2014 he had been

vacationing alone, and (2) that in November of 2014 he had been traveling from

Minneapolis to Bulgaria and Greece for vacation, when in fact, defendant MOHAMED

ABDIHAMID FARAH was traveling with defendant HAMZA NAJ AHMED, and

co-conspirators Zacharia Yusuf Abdurahman and Hanad Mustofe Musse to Syria to join, and fight with, ISIL.

All in violation of Title 18, United States Code, Section 1001.

## COUNT 13
(Attempted Financial Aid Fraud)

28.    The grand jury realleges paragraph one of this Second Superseding Indictment and incorporates it by reference as though it was set forth in full at this point.

29.    On or about May 24, 2014, within the State and District of Minnesota, and elsewhere, the defendant,

**GULED ALI OMAR,**

did knowingly and willfully attempt to misapply, obtain by fraud, false statement, and forgery, and fail to refund $5,000 in funds, assets, and property provided and insured under subchapter IV of Chapter 28 of United States Code Title 20 and part C of subchapter I of chapter 34 of United States Code Title 42, in that defendant GULED ALI OMAR attempted to use $5,000 of federal financial aid to fund travel to Turkey.

All in violation of Title 20, United States Code, Section 1097(a).

## COUNT 14
(Financial Aid Fraud)

30.    The grand jury realleges paragraph one of this Second Superseding Indictment and incorporates it by reference as though it was set forth in full at this point.

US v. Hamza Naj Ahmed, et al.                    Criminal No. 15-49 (MJD/FLN)

31.    On or about November 8, 2014, within the State and District of Minnesota, and elsewhere, the defendant,

**HAMZA NAJ AHMED,**

did knowingly and willfully misapply, obtain by fraud, false statement, and forgery, and fail to refund $1,048 in funds, assets, and property provided and insured under subchapter IV of Chapter 28 of United States Code Title 20 and part C of subchapter I of chapter 34 of United States Code Title 42, in that defendant HAMZA NAJ AHMED used $1,048 of federal financial aid to fund travel to Turkey.

All in violation of Title 20, United States Code, Section 1097(a).

## FORFEITURE ALLEGATIONS

32.    The allegations contained in Counts 1-6 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(G)(iv) and Title 28, United States Code, Section 2461(c).

33.    The violations of Title 18, United States Code, Sections 956(a) and 2339B(a)(1) alleged in Counts 1-6 of this Indictment were acts of international terrorism, as defined in Title 18, United States Code, Section 2331, against an international organization or foreign government.

34.    The defendants, HAMZA NAJ AHMED, MOHAMED ABDIHAMID FARAH, ADNAN ABDIHAMID FARAH, ABDURAHMAN YASIN DAUD, and

21

GULED ALI OMAR, were individuals engaged in planning and perpetrating an act of international terrorism against an international organization or foreign government.

35.     Each defendant convicted of any offenses in violation of Title 18, United States Code, Sections 956(a) and 2339B(a)(1), as alleged in Counts 1 through 6 of this Indictment, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(G)(iv) and Title 28, United States Code, Section 2461(c), all of their assets, foreign and domestic.   The assets to be forfeited pursuant to this paragraph include, but are not limited to, a 2008 Honda Accord, VIN: 1HGCP26748A004844.


A TRUE BILL


_____        _____
UNITED STATES ATTORNEY                      FOREPERSON