UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
District Court File No. 15-049 (MJD/FLN)

| | |
|---|---|
| UNITED STATES OF AMERICA,   )  | |
| )  | **SUMMARY PROVIDED** |
| Plaintiff,   )  | **TO THE COURT** |
| )  | **BY THE UNITED STATES** |
| v.   )  | **CONCERNING SENTENCING** |
| )  | **NATIONWIDE FOLLOWING** |
| HAMZA NAJ AHMED,   )  | **CONVICTIONS FOR** |
| MOHAMED ABDIHAMID FARAH,   )  | **PROVIDING MATERIAL** |
| ADNAN ABDIHAMID FARAH,   )  | **SUPPORT TO ANY** |
| ABDURAHMAN YASIN DAUD,   )  | **DESIGNATED FOREIGN** |
| ZACHARIA YUSUF ABDURAHMAN,   )  | **ORGANIZATION ("FTO")** |
| HANAD MUSTOFE MUSSE, and   )  | |
| GULED ALI OMAR   )  | |
| )  | |
| Defendants.   )  | |

The United States of America, through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Assistant United States Attorneys John Docherty, Andrew R. Winter, and Julie E. Allyn, respectfully submits this Summary. This document summarizes sentencing data from cases around the country in the past two years in which one or more defendants have been convicted of Providing, or Conspiring to Provide, or Attempting to Provide, Material Support and Resources to any designated Foreign Terrorist Organization. The United States earlier submitted a Report that summarized the same types of sentencing data as this Report, but was limited to cases involving the designated Foreign Terrorist Organization the Islamic State in Iraq and the Levant ("ISIL"). On August 24, 2016, following receipt of that Report, the Court entered an Order, Docket No. 631. In that Order, the Court directed the government to file a

sentencing report that went beyond ISIL cases to include data from cases involving the provision of material support to any designated foreign terrorist organization.

Both the initial, August 24 Report (Docket No. 615) and this Summary, will be updated continuously until all sentencings in this case have taken place. To avoid confusion between the documents describing sentencings in ISIL cases, and the documents describing sentencings in all cases, the ISIL cases document has been titled a "Report" while this document and its successors have been titled a "Summary."

In conformance with the Court's August 24, 2016 Order, this Summary includes cases in which a defendant was convicted of violating 18 U.S.C. § 2339B, providing material support to a designated foreign terrorist organization. This Summary does not include several cases in which in which the charge of conviction was making false statements in connection with a terrorism investigation, or the single case within the past two years in which the charge of conviction was conspiracy to commit murder outside the United States, in violation of 18 U.S.C. § 956. That 18 U.S.C.§ 956 case is, however, in the Report and its successors.

## **METHODOLOGY**

The U.S. Attorney's Office obtained from the National Security Division at Main Justice a list all traveler cases within the past two years in which the defendant was convicted of violating 18 U.S.C. § 2339B. In preparing the Report we then sought to identify the Foreign Terrorist Organization to which material support had been provided. Only ISIL cases were included in the Report. That step has been omitted for this Summary., because it includes all material support cases. Sentencing data has been taken

from the district court's Judgment and Commitment in each particular case. Those Judgment and Commitments were taken from PACER.

The oldest sentence in this report is of defendant Sinh Nguyen, who was sentenced in Los Angeles, California, on June 30, 2014. The most recent sentencing is that of Muhammad Oda Dakhlalla, in the Northern District of Mississippi, on August 24, 2016.

The sentences of 17 defendants are summarized below. There are several features of these cases worth noting:

- Only two of these defendants, Sohiel Kabir and Ralph Deleon, were convicted following trial. All the other cases involved convictions resulting from negotiated pleas of guilty.

- Only one defendant, Ralph Deleon, was convicted of violating 18 U.S.C. § 956. In some of the other cases in this Report, a defendant was convicted of violating 18 U.S.C. § 2339A, with the predicate offense for the 18 U.S.C. § 2339A conviction being an 18 U.S.C. § 956 conspiracy. Because these cases do not charge 18 U.S.C. § 956, they have not been counted as 18 U.S.C. § 956 sentences. An example of how this fact pattern comes about is presented in the Indictment in *United States v. Mahamud Said Omar*, Criminal No. 09-242 (MJD/SRN), Docket No. 1. In that case, the charging language for the counts alleging a violation of 18 U.S.C. § 2339A read as follows: "[Defendant] did knowingly and intentionally conspire with others to provide material support and resources, knowing and intending that the material support and resources were to be used in preparation for and in carrying out a violation of Title 18, United

3

States Code, Section 956 (conspiracy to kill, kidnap, maim, or injure persons in a foreign country), all in violation of Title 18, United States Code, Section 2339A(a)." However, despite being mentioned in the indictment's charging language, a violation of 18 U.S.C. § 956 is not alleged, an 18 U.S.C. § 956 conviction cannot be had, and therefore an 18 U.S.C. § 956 violation is not factored into the sentence. Such cases are not included in this Report as 18 U.S.C. § 956 cases, although they may be included in this Report for other reasons.

- Of the seventeen defendants, nine defendants were sentenced to the statutory maximum of fifteen years in prison.

- In four of these cases, the defendant entered a plea to two crimes. Those cases are *United States v. Shelton Bell* (number three below); *United States v. Donald Ray Morgan* (number six below); *United States v. Mufid Elfgeeh* (number 11 below); and *United States v. Adam Dandach* (number 14 below). In each of these three cases, the sentencing judge imposed the statutory maximum sentence on an 18 U.S.C. § 2339B conviction, and in three of the cases (*Bell*, *Morgan* and *Elfgeeh*) combined the sentences so as to impose a sentence that was longer than the statutory maximum for a 2339B conviction would have been standing alone.

### THE CASES

1. *United States v. Sinh Vinh Ngo Nguyen*, Central District of California, June 30, 2014. Defendant Nguyen traveled to Syria and fought with anti-Assad forces for four months. Upon his return to the United States he expressed a desire to "return

4

to jihad" because that "was what he was born to do."  After giving a man he thought was an al Qaeda recruiter (but who was in reality working for the FBI) a photograph of himself and a US passport application containing false information, Nguyen was arrested.  Defendant Nguyen was sentenced by Judge John F. Walter to 13 years in prison.

2. *United States v. Gufran Mohammed*, Southern District of Florida, December 17, 2014.  Defendant Mohammed wired funds to al Qaeda in Iraq, the al-Nusrah Front, and al Shabaab.  (The case is included in this Report because at the time of conviction, ISIL was still often referred to as al Qaeda in Iraq.)  Defendant Mohammed also agreed to recruit people to travel overseas and join these designated foreign terrorist organizations.  Defendant Mohammed was sentenced by Judge Ursula Ungaro to 15 years in prison, the statutory maximum for a violation of 18 U.S.C. § 2339B.

3. *United States v. Shelton Bell*, Middle District of Florida, January 14, 2015.  Defendant Bell recruited a juvenile to go with him to join, and fight for, ISIL.  After following a training regimen of their own devising for three months, Bell and the juvenile traveled from New York's John F. Kennedy International Airport to Poland.  They then flew from Poland to Israel.  Israeli officials arrested the pair and sent them back to Poland.  The two then flew to Jordan, where they were again arrested, and this time returned to the United States.  Bell entered guilty pleas to two 18 U.S.C. § 2339B counts, one of them attempt, and one of them conspiracy.  Judge Timothy Corrigan sentenced Bell to twenty years in prison.  Judge Corrigan

imposed the 15-year statutory maximum for a violation of 18 U.S.C. § 2339B on the 18 U.S.C. § 2339B conspiracy count, and then imposed a sentence of five years' imprisonment, to be served consecutively, on the attempt count. Judge Corrigan also filed a 41-page memorandum explaining his sentence.

4. *United States v. Shannon Conley,* District of Colorado, January 23, 2015. Defendant Conley met an ISIL recruiter online. In an effort to prepare herself to join, and fight for, ISIL, defendant Conley joined a US Army-sponsored Explorer scout group, obtained first aid training, and took firearms training. FBI agents met with defendant Conley multiple times and tried to talk her out of trying to travel to Syria. Defendant Conley was not persuaded, and was arrested at the Denver airport as she tried to board a flight to Turkey. Judge Raymond P. Moore sentenced Conley to 48 months in federal prison. The government also moved, publicly, for a sentence below five years because of Conley's cooperation. The Court granted the motion. No details of this cooperation were provided publicly.

5. *United States v. Donald Ray Morgan*, May 13, 2015, Middle District of North Carolina. Defendant Morgan traveled to Lebanon, and from there attempted to enter Syria to join, and fight for, ISIL. Upon his return to the United States, he was arrested at Kennedy Airport on a warrant for possession of a firearm by a felon. Defendant Morgan was sentenced to a total of 243 months of imprisonment by Judge Thomas D. Schroeder. According to the prosecuting Assistant United States Attorney and the court's sentencing judgment, 180 months, or fifteen years, of Morgan's sentence was allocated to Morgan's conviction of violating 18 U.S.C.

§ 2339B. This is the statutory maximum for a violation of 18 U.S.C. § 2339B. The balance of Morgan's sentence, 63 months, was allocated by Judge Schroeder to Morgan's firearms conviction.

6. *United States v. Michael Wolfe,* Western District of Texas, June 5, 2015. Defendant Wolfe attempted to travel to the Middle East to lend his support to ISIL. He admitted at his change of plea hearing that in preparation, he applied for and acquired a U.S. passport, participated in physical fitness training, practiced military maneuvers, concealed his preparations, and bought an airline ticket for travel to Europe, which he believed would be the first leg of a trip to the Middle East. Instead, he was arrested on the jet way at the Houston airport as he attempted to board a flight to Toronto, Canada. Judge Sam Sparks sentenced Wolfe to 82 months in prison.

7. *United States v. Leon Davis,* Southern District of Georgia, July 28, 2015. Defendant Davis was arrested at the Atlanta airport as he attempted to board a flight to Turkey. The defendant had been under investigation for more than a year before he was arrested, after the defendant communicated with ISIL members via social media. Judge J. Randal Hall sentenced defendant Davis to fifteen years in prison, the statutory maximum for a violation of 18 U.S.C. § 2339B.

8. *United States v. Ali Shukri Amin*, Eastern District of Virginia, August 28, 2015. Defendant Amin, who was 17 years old, used social media to provide material support to ISIL. Specifically, defendant Amin used Twitter to provide advice and encouragement to ISIL fighters. Judge Claude M. Hilton sentenced defendant Amin

to 136 months in prison, followed by a lifetime of supervised release that will include monitoring of the defendant's online activities.

9. *United States v. Mohamed Hussain Said,* Southern District of Florida, August 28, 2015. This is a companion case to *United States v. Gufran Mohammed* (see above). Defendant Said also conspired to provide both money and recruits to al Qaeda, al Qaeda in Iraq (the precursor organization to ISIL), and al Shabaab. Judge Ursula Ungaro sentenced the defendant to fifteen years' imprisonment, the statutory maximum.

10. *United States v. Mufid Elfgeeh,* Western District of New York, March 17, 2016. Defendant Elfgeeh attempted to recruit two people to join ISIL. The two people were working for the FBI at the time. Elfgeeh assisted the two in obtaining passports, and gave them advice about how to travel to Syria in a way that would avoid detection by law enforcement. Elfgeeh also gave the individuals computer equipment which they were to take to Syria with them. Elfgeeh also was in contact with anti-Assad fighters who were surrounded in the Syrian city of Homs by Assad regime troops. Elfgeeh was able to put the commander of the surrounded soldiers in contact with ISIL leaders. After the commander of the surrounded soldiers pledged allegiance to ISIL, ISIL came to his assistance. Judge Elizabeth Wolford sentenced Elfgeeh to 270 months in prison. The defendant had pleaded guilty to two counts of providing material support to a designated foreign terrorist organization, ISIL. Judge Wolford sentenced the defendant to the statutory

maximum of 180 months on the first conviction, and a consecutive 90 months on the second conviction, for a total of 270 months' imprisonment.

11. *United States v. Alaa Saadeh,* District of New Jersey, May 10, 2016. Defendant Saadeh planned to travel overseas himself to join, and fight for, ISIL. The defendant also helped his brother successfully travel overseas for the same purpose. Judge Susan Wigenton sentenced Saadeh to 15 years in prison, the statutory maximum for a violation of 18 U.S.C. § 2339B.

12. *United States v. Nicholas Teausant*, Eastern District of California, June 7, 2016. Defendant Teausant was arrested near the Canadian border. He intended to cross into Canada, and from there make his way to the Middle East to join, and fight for, ISIL. Judge John A. Mendez sentenced Teausant to 12 years of imprisonment.

13. *United States v. Arvin Marsalis Brown and Akba Jordan*, Eastern District of North Carolina, June 7, 2016. Defendants Brown and Jordan conspired with each other to travel overseas to engage in violent jihad, without specifying which group they would join. At various times, they discussed traveling to Yemen, Syria, and other locations.

14. *United States v. Adam Dandach,* Central District of California, July 25, 2016. Defendant Dandach attempted to fly from Santa Ana, California to Istanbul, Turkey to join ISIL. Judge James V. Selna sentenced Dandach to 15 years, the statutory maximum, for attempting to provide material support to a designated foreign terrorist organization, ISIL. The defendant was also sentenced to a concurrent sentence of ten years for lying on his passport application.

15. *United States v. Jaelyn Delshaun Young, and Muhammad Oda Dakhlalla* Northern District of Mississippi, August 11, 2016 (defendant Young) and August 24, 2016 (defendant Dakhlalla).  Defendant Young and her co-defendant/boyfriend, Muhammad Oda Dakhlalla, obtained passports and planned to fly to Istanbul via Amsterdam to offer their services to ISIL.  On August 11, 2016, Judge Sharion Aycock sentenced Young to 144 months in prison.  On August 24, 2016, Judge Aycock sentenced defendant Dakhlalla to 96 months in prison.

| Defendant Name | District | Date of Sentencing | Sentence |
| --- | --- | --- | --- |
| Sinh Nguyen | California, Central | June 30, 2014 | 156 months |
| Gufran Mohammed | Florida, Southern | December 17, 2014 | 180 months |
| Shelton Bell | Florida, Middle | January 14, 2015 | 240 months |
| Shannon Conley | Colorado | January 23, 2015 | 48 months |
|  |  |  |  |
|  |  |  |  |
| Donald Ray Morgan | North Carolina, Middle | May 13, 2015 | 243 months |
| Michael Wolfe | Texas, Western | June 5, 2015 | 82 months |
| Leon Davis | Georgia, Southern | July 28, 2015 | 180 months |
| Agron Hasbajrami | New York, Eastern District | August 13, 2015 | 192 months |
| Mohammed Hussain Said | Florida, Southern | August 28, 2015 | 180 months |
| Mufid Elfgeeh | New York, Western | March 17, 2016 | 270 months |
| Alaa Saadeh | New Jersey | May 10, 2016 | 180 months |
| Nicholas Teausant | California, Eastern | June 7, 2016 | 144 months |
| Avin Marsalis Brown | North Carolina, Eastern District | July 5, 2016 | 92 months (Notice of Appeal filed with the Fourth Circuit Court of Appeals |

| Defendant Name | District | Date of Sentencing | Sentence |
|---|---|---|---|
|  |  |  | on    7/13/2016) (non-ISIL case) |
| Akba Jihad Jordan | North Carolina, Eastern District | July 5, 2016 | 108 months (non-ISIL case) |
| Adam Dandach | California, Central | July 25, 2016 | 180 months |
| Jaelyn Delshaun Young | Mississippi, Northern | August 11, 2016 | 144 months |
| Muhammad Oda Dakhlalla | Mississippi, Northern | August 24, 2016 | 96 months |

Dated:   September 2, 2016

Respectfully submitted,

ANDREW M. LUGER

United States Attorney

s/ John Docherty

BY:  JOHN DOCHERTY
Assistant United States Attorney
Attorney Reg. No. 017516X

ANDREW R. WINTER
Assistant United States Attorney

JULIE E. ALLYN
Assistant United States Attorney