# De León & Nestor

Attorneys at Law

Bruce D. Nestor*
Susana De León
Abigail Wahl
Jesús Torres-Garza

3547 Cedar Ave South
Minneapolis, MN 55407
(612)659-9019
Facsimile (612) 436-3664
nestor@denestlaw.com

*Licensed in Minnesota and Iowa

COMMUNICATION PURSUANT TO RULE 410(A)(4), FEDERAL RULES OF EVIDENCE

December 11, 2015

John Docherty
Andrew Winter
Office of the United States Attorney
District of Minnesota
300 S 4th Street, #600
Minneapolis, MN 55415

   Re:  15-CR-49:  United States v. Hamza Ahmed
             United States v. Mohamed Farah
             United States v. Adnan Farah
             United States v. Abdirahman Daud,
             United States v. Guled Omar

Dear Mr. Docherty and Mr. Winter:

We write to inquire into the willingness of the United States to reach a plea agreement to resolve all of the above cases. Under appropriate terms to be negotiated, the above Defendants are willing to enter guilty pleas based upon the following framework:

- Upon entry of a plea and at the time of sentencing, the United States would dismiss all charges filed pursuant to 18 USC §956(a), and any additional charges to be negotiated. The Defendants are not willing or able to plead to the §965(a) charge because they would not be able to establish a proper factual basis for the plea and because undersigned counsel would not advise them to enter a plea to this charge.

- The pleas would be conditioned upon a factual basis similar to those set forth in written plea agreements provided to Zacharia Abdurahman, Hanad Musse, Adnan Farah, and Hamza Ahmed, establishing that the Defendants conspired and/or attempted to provide material support to ISIL, knowing that it was a designated foreign terrorist organization. Appropriate factual bases would also be established for any additional offenses which might be encompassed by the agreement, with the exception (as noted above) of the §956(a) charges.

- The defendants would make clear that they were not entrapped nor coerced to commit either their crimes or to enter their pleas.

- As part of the plea proceedings, each of the Defendants would unequivocally condemn all acts of violence such as the recent attacks in Paris and San Bernardino, carried out in the name of ISIL.

- As part of the plea proceedings, each of the Defendants would also clearly state that any other young men in the community considering joining or supporting ISIL should reject such a path, regardless of their intended religious motivation and/or desire to aid other Muslims they perceive as suffering and oppressed.

Other terms of the plea agreement, including pleas to charges other than those under 18 USC §2339B are open to discussion and negotiation.

We recognize that in the eyes of the United States, the expressed willingness of these Defendants to reach a plea agreement comes late in the process. We believe, however, that a plea agreement in a pre-trial motion stage and months prior to trial, holds substantial benefits for the United States. These Defendants will still be exposing themselves to potentially lengthy prison terms, to hold them accountable for their conduct. Their potential exposure will generally exceed actual sentences imposed in similar cases. A resolution of these charges would avoid a lengthy and complex trial, which would likely be accompanied by extraordinary security measures, publicity, and potentially, an atmosphere of fear. Such a trial would serve only to increase tension between law enforcement and substantial portions of the Somali community. Finally, we believe that the explicit condemnation by these Defendants of recent acts of violence such as have occurred in Paris and San Bernardino, including an explicit appeal to other youth to not travel overseas or engage in acts of violence, would contribute to the safety and security of our country and community.

We look forward to hearing from you regarding your response to this inquiry. If the United States believes that a plea agreement incorporating the above terms could be reached, we also believe it may be beneficial to move the current motion deadline for a short period to allow for negotiations and entry of pleas, if possible, prior to filing of any motions with respect to the 18 USC §956(a) charges.

Sincerely,

Bruce Nestor
Attorney for Abdirahman Daud

S/JANEANNE MURRAY

JaneAnne Murray
Attorney for Hamza Ahmed

S/KENNETH UDOIBOK

Kenneth Udoibok
Attorney for Adnan Farah

S/GLENN BRUDER

Glenn Bruder
Attorney for Guled Omar

S/MURAD MOHAMMAD

Murad Mohammad
Attorney for Mohamed Farah